# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-02469-STA-egb |
| ) | |
| WEST TN SPECIAL TECH ) | |
| RESOURCE CTR, ) | |
| ) | |
| Garnishee, ) | |
| ) | |
| and ) | |
| ) | |
| NICOLE BOGAN a/k/a NICOLE ) | |
| DONALD, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR RELIEF

On October 23, 2017, the Court received a Letter (ECF No. 18) from Defendant Nicole Bogan a/k/a Nicole Donald requesting relief from the Court's October 4, 2017 Order (ECF No. 17) directing Garnishee West TN Special Tech Resource CTR to pay twenty-five percent of Defendant's non-exempt earnings to Plaintiff United States of America (the "Government"). The Court construed Defendant's letter as a *pro se* Motion for Relief and entered an October 30, 2017 Order (ECF No. 19) directing the Government to respond. The Government has since filed its Response (ECF No. 20) in opposition to the instant Motion.

The Government is correct that 18 U.S.C. § 3613(a), which grants the Government the authority to enforce restitution judgments under either federal or state law, only permits the exceptions to its terms that § 3613(a) itself provides. *See United States v. Robinson* (*In re*

*Robinson*), 764 F.3d 554, 560 (6th Cir. 2014) (citations omitted) ("... § 3613(a) defeats other statutory provisions that safeguard an individual's property."). The protection provided by § 3613(a) for wages[1] is that the garnishment is statutorily limited to twenty-five percent (25%) of a defendant's wages.[2] *See* 18 U.S.C. § 3613(a)(3) (incorporating 15 U.S.C. § 1673, which states that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed . . . 25 per centum of his disposable earnings for that week . . . ."). The statute does not permit a court to make an exception for financial hardship. *United States v. Long*, 2014 WL 712693, at *3, (N.D. Iowa Feb. 24, 2014) (Scoles, Mag. J.), *adopted by* 2014 WL 1669975 (N.D. Iowa Apr. 28, 2014). Unlike *Robinson*, *Long* is not binding upon this Court. But the Court finds *Long*'s reliance upon the plain language of the statute convincing. The Court lacks the authority to reduce the garnishment for reason of financial hardship if the garnishment complies with the statutory requirements of section 3613(a). Accordingly, Defendant's *pro se* Motion for Relief is hereby **DENIED**.

**It is so ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 7, 2017.

---

[1] 18 U.S.C. § 3613(a)(1) deals with certain property exemptions that the parties and the Court previously dealt with. *See* Def.'s Answer to Writ of Garnishment, July 24, 2017, ECF No. 6; Order Denying Def.'s Req. for a Hearing, Aug. 28, 2017, ECF No. 16. Subsection 3613(a)(2) simply provides that certain property exemptions electable under the Federal Debt Collection Procedures Act are not applicable when the restitution is being enforced under federal law.

[2] The statute provides an alternative maximum based on the federal hourly minimum wage that Defendant's garnishment does not violate. *See* 15 U.S.C. § 1673(a)(2); U.S. Dep't of Labor, *Fact Sheet #30: The Federal Wage Garnishment Law, Consumer Credit Protection Act's Title III (CCPA)* 4 (Nov. 2016), https://www.dol.gov/whd/regs/compliance/whdfs30.pdf; Garnishee's Answer to Writ of Garnishment, at 1–2, July 27, 2017, ECF No. 12.